# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

GREGORY N. LEONARD,

    Plaintiff,

    v.

GREG COX, et al.,

    Defendants.

3:15-cv-00031-RCJ-WGC

**ORDER**

    This action is a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a state prisoner. Plaintiff paid the full filing fee. (ECF No. 5). The Court entered a screening order on November 13, 2015. (ECF No. 18). The screening order imposed a 90-day stay and the Court entered a subsequent order in which the parties were assigned to mediation by a court-appointed mediator. (ECF No. 18, 22). The Office of the Attorney General has filed a status report indicating that settlement has not been reached and informing the Court of its intent to proceed with this action. (ECF No. 26).

    Plaintiff has additionally filed two motions for summary judgment, a motion for temporary restraining order, and a motion for preliminary injunction. (ECF No. 15, 19, 20, 27).

    Plaintiff's motions for summary judgment are denied. Plaintiff filed the first motion after the Court dismissed his first complaint and before the Court had considered his amended complaint. (*See* ECF 9, 15, 18). The defendants were never properly served with Plaintiff's motion because at the time of its filing they were not parties in the action. Plaintiff's second motion is premature as no defendants have received or waived service of process. As such, Plaintiff's motions for summary judgment are denied.

    Plaintiff filed a motion for a temporary restraining order and a motion for preliminary injunction. (ECF No. 19, 20). Plaintiff seeks injunctive relief based on the allegations in his

amended complaint.

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20). Furthermore, under the Prison Litigation Reform Act ("PLRA"), preliminary injunctive relief must be "narrowly drawn," must "extend no further than necessary to correct the harm," and must be "the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626 (a)(2).

The Court denies the motions for TRO and preliminary injunction. (ECF No. 19, 20). Plaintiff has not established that he would suffer irreparable harm in the absence of preliminary relief. Plaintiff alleges that the cold cell has been an ongoing issue for seven years and, thus, it does not appear that he will suffer irreparable harm if the Court does not grant him immediate relief. Plaintiff alleges he suffers harm in the form of stress and mental pain and suffering. (ECF No. 19, 20 at 3). The PLRA limits the scope of actions that allege mental or emotional injury without a prior showing of physical injury. *See* 42 U.S.C. § 1997e(e). Moreover, Plaintiff's proffered evidence is insufficient to demonstrate a likelihood of success on the merits. As such, Plaintiff's motions for TRO and preliminary injunction are denied.

///

///

///

2

///

For the foregoing reasons, IT IS ORDERED that:

1. Plaintiff's motions for summary judgment (ECF No. 15, 27) are DENIED.

2. Plaintiff's motion for temporary restraining order (ECF No. 19) is DENIED.

3. Plaintiff's motion for preliminary injunction (ECF No. 20) is DENIED.

4. The Clerk of the Court shall electronically **SERVE** a copy of this order and a copy of Plaintiff's amended complaint (ECF No. 11) on the Office of the Attorney General of the State of Nevada, attention Kat Howe.

5. Subject to the findings of the screening order (ECF No. 18), within **twenty-one (21) days** of the date of entry of this order, the Attorney General's Office shall file a notice advising the Court and Plaintiff of: (a) the names of the defendants for whom it accepts service; (b) the names of the defendants for whom it does not accept service, and (c) the names of the defendants for whom it is filing last-known-address information under seal. As to any of the named defendants for which the Attorney General's Office cannot accept service, the Office shall file, *under seal*, but shall not serve the inmate Plaintiff the last known address(es) of those defendant(s) for whom it has such information. If the last known address of the defendant(s) is a post office box, the Attorney General's Office shall attempt to obtain and provide the last known physical address(es).

6. If service cannot be accepted for any of the named defendant(s), Plaintiff shall file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for the defendant(s). For the defendant(s) as to which the Attorney General has not provided last-known-address information, Plaintiff shall provide the full name and address for the defendant(s).

7. If the Attorney General accepts service of process for any named defendant(s), such defendant(s) shall file and serve an answer or other response to the amended complaint within **sixty (60) days** from the date of this order.

8. Henceforth, Plaintiff shall serve upon defendant(s) or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other

3

document submitted for consideration by the Court.  Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants.  If counsel has entered a notice of appearance, Plaintiff shall direct service to the individual attorney named in the notice of appearance, at the address stated therein.  The Court may disregard any paper received by a district judge or magistrate judge which has not been filed with the Clerk, and any paper received by a district judge, magistrate judge, or the Clerk which fails to include a certificate showing proper service.

DATED:  This 4th day of March, 2016.

_____
United States District Judge