UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| GREGORY N. LEONARD | ) | 3:15-cv-00031-RCJ-WGC |
| Plaintiff, | ) | **MINUTES OF PROCEEDINGS** |
| vs. | ) | May 31, 2015 |
| GREG COX, et al | ) | |
| Defendants. | ) | |

PRESENT:  <u>THE HONORABLE WILLIAM G. COBB</u>, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   <u>  Katie Lynn Ogden  </u>     REPORTER:  <u>         FTR          </u>

COUNSEL FOR PLAINTIFF: <u>Gregory N. Leonard, Pro Se (Telephonically)       </u>

COUNSEL FOR DEFENDANTS:   <u>  Alyson L. McCormick                           </u>

**MINUTES OF PROCEEDINGS: Motion Hearing**

1:40 p.m.  Court convenes.

The court holds today's conference to address Plaintiff's Motion to Stay Defendants' Motion for Summary Judgement (ECF No. 43) and Plaintiff's Notice of Proposed Discovery (ECF No. 47).  The court advised the parties in its order (ECF No. 44) that it interprets Plaintiff's motion to stay as a Fed. Rule Civ. P. 56(d) motion, which is the topic of today's proceedings as well as what discovery Plaintiff claims is necessary to oppose Defendants' motion for summary judgment.

The court makes the observation that a scheduling order has not been entered in this case, which, may have been an oversight by the court in view of the Defendants filing a motion for summary judgment instead of an answer to the complaint (ECF No. 35).

The court first addresses what discovery has been served on the Defendants to this point in time.  Ms. McCormick advises the court her office received from Plaintiff on February 29, 2016, requests for production of documents, requests for interrogatories and requests for admissions.

///

Minutes of Proceedings
3:15-cv-00031-RCJ-WGC
May 31, 2016

     The court states to the extent there is a request by Plaintiff for Defendants to answer the discovery served on February 29, 2016 that request is **DENIED** for the same rationale stated in District Judge Jones' order (ECF No. 30) denying Plaintiff's motion for summary judgment (ECF No. 27). The court finds the discovery served by Plaintiff on February 29, 2016 was premature.

     However, in view of the Defendants' appearance being entered by way of a motion for summary judgment (ECF No. 35) and although Plaintiff was able to submit a partial response to the motion (ECF No. 41), pursuant to Fed. Rule Civ. P. 56(d), Plaintiff shall be afforded the opportunity to conduct limited discovery to adequately respond to the motion for summary judgment. Plaintiff's motion to stay motion for summary judgment is granted in part.

     Therefore, the court proceeds to address Plaintiff's written discovery requests as identified in Mr. Leonard's notice of proposed discovery (ECF No. 47). The court enters the following orders as to the eleven (11) requests Plaintiff identified in ECF No. 47:

(1) Names and addresses of all officer posted to Unit 8-A as unit staff from January 1, 2009 through January 1, 2016.

     **ORDER**: GRANTED IN PART and DENIED IN PART. The request is granted to the extent the Nevada Department of Corrections ("NDOC") Defendants are directed to provide the names of HV/AC employees who worked on the heating units providing heat to those areas directly or indirectly affecting Cell No. 27/Unit 8-A from January 1, 2012 through the present. Additionally, brief descriptions of what work was done by each of the employees listed, if reasonably available, is required for this discovery request.

(2) Names and addresses of all medical and nursing staff personnel assigned to Unit 8-A from January 1, 2009 through January 1, 2016.

     **ORDER**: GRANTED in part and DENIED in part. The request is granted to the extent Mr. Leonard shall be afforded the opportunity and sufficient time to review his entire medical records without having to first kite the warden. Mr. Leonard shall have the opportunity to review his medical records in short order.

///

Minutes of Proceedings
3:15-cv-00031-RCJ-WGC
May 31, 2016

(3) Any and all kites, complaints, grievances, or any other documents received by Unit 8-A staff and caseworkers regarding the no heat issue in isolation cells filed by the Plaintiff and other inmates in 8-A from January 1, 2009 through January 1, 2016.

> **ORDER**: GRANTED in part and DENIED in part.  The request is granted to the extent the NDOC Defendants shall search Mr. Leonard's files for grievances, kites and/or complaints that relate to the heat temperature control in Unit 8-A dating back to January 1, 2012 through the present.  The request is DENIED to the extent that the NDOC search for grievances, kites and/or complaints made by any other inmates in Unit 8-A of the RMF.

(4) Any and all policies, directives, or operating procedures and temperature programming for the RMF's HV/AC system.

> **ORDER**: GRANTED in part.  Defendants are to answer the discovery requests regarding the policy or protocol for temperature control as to Unit 8-A between the time period of January 1, 2012 through the present.  This request shall include when heat and air conditioning are turned on/off.  Should there be no records dating from 2012 to the present, the time frame shall go back as far as 2009, if reasonably available.

(5) Any and all temperature check logs for the RMF and isolation cells for the month of October through April of the years 2009 through 2016.

> **ORDER**: GRANTED in part.  Similar to request #4, Defendants are to answer the discovery requests regarding any temperature check logs as to Unit 8-A between the time period of January 1, 2012 through the present.  And again, if no records are found dating back from 2012, the time frame shall go back as far as 2009.

(6) Any and all diagrams and the location of the HV/AC's master control unit, and location of thermostats for the RMF and isolation wing.

> **ORDER**: GRANTED in part.  Defendants are to answer the discovery request regarding any diagram (if it does not breach the security of the facility) and/or a written description of how the HV/AC unit operates, how the unit is turned on/off, how temperatures are monitored and the location of thermostats in Unit 8-A.  This production shall include any relevant NDOC/RMF Administrative Regulation(s) pertaining to Unit 8-A..

Minutes of Proceedings
3:15-cv-00031-RCJ-WGC
May 31, 2016

(7) Any and all maintenance work order submitted by Unit 8-A staff and caseworkers submitted regarding the no heat problem in the isolation cells from January 1, 2009 through January 1, 2016.

    **ORDER**: GRANTED in part and DENIED in part.  The request is granted to the extent the Defendants are to locate and produce maintenance work orders or repair orders relating to HV/AC matters pertaining to heat in Unit 8-A from January 1, 2012 through the present.

(8) Any and all documents and responses to grievances and kites regarding the no heat issue from caseworkers and Unit 8-A staff, filed by the Plaintiff and other inmates in 8-A.

    **ORDER**: GRANTED in part and DENIED in part.  Similar to request #3, the request is granted to the extent the NDOC shall search Mr. Leonard's files for grievances, kites and/or complaints that relate to the heat temperature control in Unit 8-A dating back to January 1, 2012 through the present.  The request is DENIED to the extent the search include grievances, kites and/or complaints made by any other inmates in Unit 8-A.

(9) Any and all kites addressed to Defendant Caseworker Irvin regarding the no heat issue from January 1, 2013 through January 1, 2015.

    **ORDER**: GRANTED in part and DENIED in part.  The request is granted to the extent that Caseworker Irvin shall submit a declaration describing the procedure she undertakes when receiving a complaint from an inmate (i.e. is the complaint/kite/grievance lodged in the inmate's I-File).  Additionally, the declaration shall also include whether or not she recalls any complaint/kite/grievance from Mr. Leonard regarding heat temperature control and what her response was as to any complaint/kite/grievance and include any documentation available to her.  Finally, the declaration shall include whether she recalls or has any knowledge of any other inmate complaints regarding the same topic.

(10) Any and all documents, including the operating protocol for the negative airflow system in the isolation cells, and the heat/loss coefficient for the isolation cells and RMF building, plus the brand, model and BTU's of the RMF's HVAC system.

    **ORDER**: GRANTED in part and DENIED in part.  Similar to request #6, the order is expanded to include a discussion of the negative airflow system (may require a declaration by person most knowledgeable) for the HVAC system in the area that directly or indirectly affects Unit 8-A.

///

Minutes of Proceedings
3:15-cv-00031-RCJ-WGC
May 31, 2016

(11) Answers to interrogatories and admissions.

**ORDER**: DENIED.  As previously discussed, the discovery requests served on February 29, 2016, are considered premature and Defendants need not to respond to such discovery.

The court finds the discovery addressed above satisfies Fed. Rule Civ. P. 56(d) and allows Plaintiff the opportunity to acquire sufficient information to adequately respond to the Defendants' motion for summary judgment (ECF No. 35).

The following deadlines are established:

- Defendants' discovery responses are due **July 1, 2016**;

- Plaintiff's supplemental response to Defendants' motion for summary judgment (ECF No. 35) is due **July 31, 2016**; and

- Defendants' reply memoranda to Plaintiff's supplemental response is due **August 15, 2016**.

The court advises DAG McCormick to contact Ms. Ogden should she find the discovery responses become unduly burdensome.  The court will likely schedule an expedited hearing to address such concerns related to the discovery responses.

The Plaintiff makes an oral request to obtain a personal thermometer so he can test the temperature in his cell.  At the present time, the court does not consider a personal thermometer is appropriate.  Plaintiff's request is **DENIED without prejudice**.

The Plaintiff inquires about the gap between ECF No. 35 and ECF No. 37.  The court explains ECF No. 36 was submitted by the Defendants under seal.  However, ECF No. 36 has been provided to the warden's office.  Mr. Leonard may kite the warden to review ECF No. 36, which is Exhibit H to Defendants' motion for summary judgment (ECF No. 35).  The court reminds Plaintiff, however, as part of today's order he will be afforded the opportunity to review all his medical files in short order.

///

Minutes of Proceedings
3:15-cv-00031-RCJ-WGC
May 31, 2016

      There being no additional matters to address at this time, court adjourns at 2:46 p.m.

**IT IS SO ORDERED.**

                                            LANCE S. WILSON, CLERK

                                  By:            /s/
                                               Katie Lynn Ogden, Deputy Clerk