UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| GREGORY N. LEONARD, | ) | 3:15-cv-00031-RCJ-WGC |
| | ) | |
| Plaintiff, | ) | **MINUTES OF PROCEEDINGS** |
| | ) | |
| vs. | ) | |
| | ) | October 26, 2016 |
| GREG COX, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

PRESENT:  <u>THE HONORABLE WILLIAM G. COBB</u>, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:  <u>   Katie Lynn Ogden   </u>   REPORTER:  <u>              FTR              </u>

COUNSEL FOR PLAINTIFF:  <u>Gregory N. Leonard, Pro Se (Telephonically)         </u>

COUNSEL FOR DEFENDANTS:  <u> Izzac Rowe (Telephonically)                         </u>

**MINUTES OF PROCEEDINGS: Status Conference**

9:05 a.m.  Court convenes.

  The court holds today's conference to address the exhibit and witness lists submitted by both the Plaintiff (ECF No.73) and Defendants (ECF No. 75).  The court will also address Plaintiff's motion to supplement his witness list (ECF No. 77).

  Mr. Leonard advises the court that he has not received electronic service since last Thursday, nor was he made aware of today's hearing until this morning.  In view of Mr. Leonard's representation, DAG Rowe is directed to confirm Mr. Leonard has a copy of the Defendants' witness list and exhibit list (ECF No. 75).

  The court first attempts to resolve an issue Plaintiff continues to raise regarding a sealed document filed in support of Defendants' summary judgment motion (ECF No. 35-8, Exhibit H).  Mr. Leonard recently filed a motion for more definite statement (ECF No. 69) concerning the sealed document.  Defendants filed a response (ECF No. 86); however, Mr. Leonard has not received the response as of today's hearing.

  Before hearing any argument, the court explains Fed. R. Civ. P. 12(e) is not appropriately used by the Plaintiff for his motion for more definite statement.  The court advises Mr. Leonard

1

Minutes of Proceedings
3:15-cv-00031-RCJ-WGC
October 26, 2016

that Fed. R. Civ. P. 12(e) allows for a more definite statement of a *pleading*. A pleading is defined as a complaint, answer, counter claim, cross claim or third party complaint and not a *motion*. Nevertheless, the court indicates it will revisit Mr. Leonard's concerns regarding Exhibit H.

The court and Mr. Rowe attempt to clarify that Defendants' motion for summary judgment (ECF No. 35) contains the motion itself and 15 Exhibits, one of which contains Plaintiff's medical records identified as Exhibit H. Exhibit H is identified in ECF No. 35 as Exhibit 8, hence the numbering of the document as "ECF No. 35-8". ECF No. 35-8 is only a one page document that states "Exhibit H Confidential Filed Under Seal. Procedurally, the motion for summary judgment and the exhibits are filed with court unsealed; however, because Exhibit H contains Plaintiff's medical records, the documents contained in Exhibit H as a whole (approximately 18 pages) have been extracted and filed separately under seal with court. The extracted Exhibit H can be found on the docket at ECF No. 36 under seal.

Mr. Leonard states he has had the opportunity to review medical records; however, he indicates he has not reviewed an 18 page medical record, which is supposedly identified as Exhibit H (ECF No. 36). Mr. Leonard explains the documents he has reviewed with regard to the Defendants' motion for summary judgment do not coincide with the motion nor do the number of pages match because he has only reviewed approximately 4-5 pages.

Although the court is advised Exhibit H was made available for Plaintiff's review months ago and that Plaintiff has viewed documents under seal, Plaintiff's description of what he has reviewed does not appear to match the documents contained in ECF No. 36.

In view of the discrepancy of Exhibit H as stated today, DAG Rowe is instructed to verify with the warden's office that Exhibit H is a complete and full copy of the medical records relative to the Defendants' motion for summary judgment. DAG Rowe shall further coordinate a date and time for Mr. Leonard to review Exhibit H in short order.

In view of today's discussion, Plaintiff's motion for more definite statement (ECF No. 69) is **DENIED** on the technical grounds that Fed. R. Civ. P. 12(e) does not pertain to discover questions. Substantively, Plaintiff's motion is denied in view of discussion had today with regard to Exhibit H and the assurance that Mr. Leonard will be provided the opportunity to review the entirety of Exhibit H. The court also notes that non of the documents comprising Exhibit H has a bearing on the subject of the evidentiary hearing, i.e., whether Plaintiff exhausted his administrative remedies with respect to his grievance regarding temperature issues in Plaintiff's cell.

The court next reviews the witness list and exhibit list submitted by Plaintiff

Minutes of Proceedings
3:15-cv-00031-RCJ-WGC
October 26, 2016

(ECF No. 73) for the upcoming evidentiary hearing. The court and parties have discussion regarding the relevancy of Plaintiff's exhibits and Jason Meares as a potential witness to testify.

The court explains the exhibits submitted by Mr. Leonard will be received by the court at the evidentiary hearing; however, the court expresses its concern that the exhibits (which pertain to grievances pursued by Plaintiff in 2015- 2016) are not relevant to the issue of grievance number 2006-29-71630. Furthermore, Jason Meares who has been identified as a witness for the evidentiary hearing need not to attend. The court finds Mr. Meares is not a person who has specific personal knowledge regarding Plaintiff's purported submission in 2013-2014 of the first and second level grievances for grievance number 2006-29-71630.

The court next addresses Plaintiff's motion to supplement witness list (ECF No. 77) to include Officer Antonov. Again, it appears Officer Antonov only has knowledge of recent grievances submitted by the Plaintiff and not with grievance number 2006-29-71630. Therefore, Officer Antonov need not to attend the evidentiary hearing and the Plaintiff's motion to supplement (ECF No. 77) is **DENIED**.

Plaintiff objects to the court's order regarding witnesses Jason Meares, Officer Antonov and the lack of relevance of the grievances which accompanied Plaintiff's notice (ECF No. 73). The court makes note of Mr. Leonard's objection.

After further discussion regarding the parties' notice of witnesses and exhibits, the court will allow the following witnesses to participate by phone for the evidentiary hearing:

(1) Caseworker Lorena Irvin;
(2) Inmate Joseph Smith; and
(3) Assistant Warden Brian Ward.

DAG Rowe shall advise Ms. Ogden of the contact information for each of the witnesses.

The universe of documents the court will address during the evidentiary hearing primarily include the following:

(1) NDOC Administrative Regulation 740 (ECF No. 35-1);
(2) Grievance number 2006-29-71630 (ECF No. (ECF No. 35-2);
(3) Declaration of Brian Ward (ECF No. 35-4);
(4) (purported) First Level Grievance (ECF No. 41, pg. 14);
(5) (purported) Second Level Grievance (ECF No. 41, pg. 15);
(6) Plaintiff's Exhibit 4 (ECF No. 73, pg. 9).

Minutes of Proceedings
3:15-cv-00031-RCJ-WGC
October 26, 2016

      Mr. Leonard is advised that his motion for hearing via video conference (ECF No. 72) has been denied and an order was entered on 10/24/2016 explaining the court and NDOC do not have the capability to conduct video conferences (ECF No. 74).  Additionally, the court rarely conducts video conference in civil cases.

      Mr. Leonard makes an oral objection the court's decision to not allow the evidentiary hearing be conducting via video conference.  The court makes note of Mr. Leonard's objection.

      There being no additional matters to address at this time, court adjourns at 9:44 a.m.

                                                LANCE S. WILSON, CLERK
                                                By:  _____/s/_____
                                                    Katie Lynn Ogden, Deputy Clerk